PayPal Inc v. Market Development Specialists Inc et al — Doc. 1

FILED

2008 JUN -3 PM 2: 20

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT
OF INDIANA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAYPAL, INC., | ) CAUSE NO.: |
| Plaintiff, | ) |
| v. | ) |
| MARKET DEVELOPMENT SPECIALISTS, INC. D/B/A WINTERGREEN SYSTEMS and JOHN LEVY | ) |
| Defendant. | ) |

**COMPLAINT FOR BREACH OF CONTRACT**

Plaintiff PayPal, Inc. ("PayPal"), by counsel, for its Complaint against Defendants Market Development Specialists, Inc. d/b/a Wintergreen Systems ("Wintergreen") and John Levy ("Levy"), states as follows:

**Parties and Jurisdiction**

1. PayPal is, and at the time of the events described in this Complaint was, a corporation organized and existing under Delaware law, having its principal place of business in Santa Clara County, California.

2. Wintergreen is, and at the time of the events described in this Complaint was, a corporation organized and existing under Indiana law, having its principal place of business in Elkhart County, Indiana.

3. John Levy is, and at the time of the events described in this Complaint was, a citizen of Indiana, having his domicile in Elkhart County, Indiana.

4. This Court has jurisdiction over this action because the amount at issue exceeds $75,000, exclusive of interests and costs, and there is diversity of citizenship among the parties.

Dockets.Justia.com

**PayPal's Business**

5. PayPal provides online payment solutions that allow its customers to send or receive payments securely through PayPal's website.

6. PayPal offers three types of accounts for its customers: Personal, Premier, and Business.

7. Personal Accounts permit customers to make secure online payments and send money to family members and friends.

8. Premier Accounts also allow customers to make secure online payments and effectuate money transfers, as well as accept credit card and debit card payments on a limited basis.

9. Business Accounts permit customers to make secure online payments and money transfers and allow customers to accept credit card, debit card, and bank payments from multiple customers.

10. All PayPal customers must register certain information at www.paypal.com and agree to abide by the User Agreement for PayPal Service, which is posted on PayPal's website.

11. PayPal periodically updates its User Agreement, and the updated User Agreement becomes effective at the time it is posted on the website.

12. In the event PayPal makes a substantial change to the User Agreement, it provides its customers with 30 days' prior notice of the change by posting a notice on the "Policy Updates" page of its website.

13. An authentic copy of the User Agreement that applied at the time of the events alleged in this Complaint is attached to this Complaint as Exhibit 1.

**Wintergreen's Use of PayPal's Services**

14. Wintergreen is a seller of computers, computer components, and peripherals.

2

15. Wintergreen had a Business Account with PayPal that it established in 2001.

16. Wintergreen has a limit of $10,000 on the amount of money it may accept in its PayPal account in a single transaction.

17. At the time of the events described in this Complaint, John Levy and Wintergreen knew that Wintergreen's PayPal account could accept only $10,000 in a single transaction.

18. Between June 21, 2007, and June 27, 2007, Wintergreen accepted fifty-six payments from TigerDirect, Inc. ("TigerDirect"), each for $10,000, on a single corporate American Express credit card.

19. As a result of those transactions, $560,000 was deposited in Wintergreen's PayPal account.

20. Wintergreen withdrew all $560,000 from its PayPal account between June 21, 2007, and June 27, 2007, with most of the withdrawals occurring in $100,000 increments on June 27.

21. Wintergreen failed to timely deliver to TigerDirect the merchandise TigerDirect had ordered.

22. In August 2007, TigerDirect cancelled its order and charged back its credit card payments.

23. The chargeback of those credit card payments caused a $560,000 debit to Wintergreen's PayPal account.

24. Because Wintergreen had already withdrawn the money it received in the transactions from its PayPal account, PayPal was forced to pay the $560,000 chargeback.

25. Wintergreen has not paid the balance owed despite demands from PayPal.

## COUNT I: BREACH OF CONTRACT (WINTERGREEN)

26. PayPal incorporates paragraphs 1–25 of this Complaint as though fully set forth here.

27. Now and at the time Wintergreen accepted $560,000 of credit card transactions from TigerDirect, the User Agreement for PayPal Services obligates customers who receive payments through their PayPal accounts to reimburse PayPal for any payments that are reversed, charged back, or otherwise invalidated.

28. Section 2.b of the User Agreement's Payments (Sending, Receiving, and Withdrawals) Policy provides as follows:

> When you receive a payment through the Service, unless you follow the steps necessary to qualify for our Seller Protection Policy, you are not protected against a subsequent reversal of the transaction. In the event that the sender's transaction is reversed for any reason and you do not qualify for the Seller Protection Policy for that transaction, you will owe PayPal for the amount of the reversed transaction plus any fees imposed on PayPal as a result of the reversal. Examples of such a reversal include, but are not limited to, a credit card reversal by the sender of the payment, and a reversal of the transaction because the sender of the payment was using a stolen credit card or unauthorized bank account. PayPal will seek to recover the funds from you by debiting your PayPal balance and, if there are not sufficient funds in your PayPal balance, PayPal reserves the right to collect your debt to PayPal by any other legal means.

(Ex. 1 at 64–65.)

29. Wintergreen does not qualify for the Seller Protection Policy described in the User Agreement.

30. PayPal has fully performed its obligations under the User Agreement, but Wintergreen has failed to pay the amount now owed under the terms of the User Agreement, despite demands that it pay that amount.

WHEREFORE, PayPal prays that judgment be entered on its behalf and against Defendant Wintergreen for all amounts owed, together with the fees Wintergreen has incurred on

its account as a result of the chargeback, for prejudgment and postjudgment interest, for costs of this action, and for all other just and proper relief.

## COUNT II: CRIMINAL MISCHIEF (WINTERGREEN AND LEVY)

31. PayPal incorporates paragraphs 1–30 of this Complaint as though fully set forth here.

32. Levy structured Wintergreen's transaction with TigerDirect as a series of $10,000 purchases to avoid the limits PayPal placed on his account concerning the receipt of credit card funds.

33. By accepting credit card transactions for $10,000, Levy misrepresented to PayPal the nature of his agreement with TigerDirect.

34. PayPal permitted Wintergreen to execute those $10,000 transactions using his PayPal account because the individual transactions complied with the limits on Wintergreen's account.

35. Despite knowing that Wintergreen did not have sufficient inventory, and could not acquire sufficient inventory, to fill TigerDirect's order, Levy immediately arranged for Wintergreen to withdraw from its PayPal account all money it received from TigerDirect.

36. Levy continued to represent to TigerDirect and PayPal that Wintergreen could fill TigerDirect's orders even after TigerDirect cancelled those orders.

37. By intentionally deceiving TigerDirect and PayPal, Wintergreen and Levy have caused PayPal to suffer a pecuniary loss of at least $560,000 by deception, in violation of Indiana Code section 35-43-1-2(a)(2).

WHEREFORE, PayPal prays that judgment be entered on its behalf and against Defendants Wintergreen and John Levy for all amounts owed, along with treble damages and attorneys' fees pursuant to the Indiana Offenses Against Property Statute, Ind. Code §§ 34-24-3-

5

1 to -4, for prejudgment and postjudgment interest, for costs of this action, and for all other just and proper relief.

 

LOCKE REYNOLDS LLP

By: _/s/ Darren A. Craig_
James Dimos, #11178-49
James M. Matthews, #10450-49
Darren A. Craig, #25534-49
Attorneys for Plaintiff PayPal, Inc.

201 North Illinois Street, Suite 1000
P.O. Box 444961
Indianapolis, IN 46244-0961
Phone: (317) 237-3800
Fax: (317) 237-3900
jdimos@locke.com
jmatthews@locke.com
dcraig@locke.com

888995_1