UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAYPAL, INC., <br><br>       Plaintiff, <br> v. <br><br> MARKET DEVELOPMENT SPECIALISTS, <br> INC. d/b/a WINTERGREEN SYSTEMS and <br> JOHN LEVY, <br><br>       Defendants. | ) <br> ) <br> ) <br> )    CASE NO.: 3:08-cv-00268-RL-CAN <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Market Development Specialists, Inc. d/b/a Wintergreen Systems ("MDS") and John Levy (together, the "Defendants") respond to the *Complaint for Breach of Contract* (the "Complaint") filed by the Plaintiff, PayPal, Inc. ("PayPal"), as follows:

### Parties and Jurisdiction

1.    PayPal is, and at the time of the events described in this Complaint was, a corporation organized and existing under Delaware law, having its principal place of business in Santa Clara County, California.

      **ANSWER:**    The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint.

2.    Wintergreen is, and at the time of the events described in this Complaint was, a corporation organized and existing under Indiana law, having its principal place of business in Elkhart County, Indiana.

      **ANSWER:**    Admitted.

1

3. John Levy is, and at the time of the events described in this Complaint was, a citizen of Indiana, having his domicile in Elkhart County, Indiana.

**ANSWER:** The Defendants admit that John Levy ("Levy") is an individual and resident of the State of Indiana but deny the remaining allegations contained in paragraph 3 of the Complaint.

4. This Court has jurisdiction over this action because the amount at issue exceeds $75,000, exclusive of interests and costs, and there is diversity of citizenship among the parties.

**ANSWER:** Admitted.

### PayPal's Business

5. PayPal provides online payment solutions that allow its customers to send or receive payments securely through PayPal's website.

**ANSWER:** The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint.

6. PayPal offers three types of accounts for its customers: Personal, Premier, and Business.

**ANSWER:** The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint.

7. Personal Accounts permit customers to make secure online payments and send money to family members and friends.

**ANSWER:** The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint.

8. Premier Accounts also allow customers to make secure online payments and effectuate money transfers, as well as accept credit card and debit card payments on a limited basis.

**ANSWER:** The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint.

9. Business Accounts permit customers to make secure online payments and money transfers and allow customers to accept credit card, debit card, and bank payments from multiple customers.

**ANSWER:** The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint.

10. All PayPal customers must register certain information at www.paypal.com and agree to abide by the User Agreement for PayPal Service, which is posted on PayPal's website.

**ANSWER:** The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint.

11. PayPal periodically updates its User Agreement, and the updated User Agreement becomes effective at the time it is posted on the website.

**ANSWER:** The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint.

12. In the event PayPal makes a substantial change to the User Agreement, it provides its customers with 30 days' prior notice of the change by posting a notice on the "Policy Updates" page of its website.

**ANSWER:** The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint.

13. An authentic copy of the User Agreement that applied at the time of the events alleged in this Complaint is attached to this Complaint as Exhibit 1.

**ANSWER:** The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint.

**Wintergreen's Use of PayPal's Services**

14. Wintergreen is a seller of computers, computer components, and peripherals.

**ANSWER:** Admitted.

15. Wintergreen had a Business Account with PayPal that it established in 2001.

**ANSWER:** Admitted.

16. Wintergreen has a limit of $10,000 on the amount of money it may accept in its PayPal account in a single transaction.

**ANSWER:** Denied.

17. At the time of the events described in this Complaint, John Levy and Wintergreen knew that Wintergreen's PayPal account could accept only $10,000 in a single transaction.

**ANSWER:** Denied.

18. Between June 21, 2007, and June 27, 2007, Wintergreen accepted fifty-six payments from TigerDirect, Inc. ("TigerDirect"), each for $10,000, on a single corporate American Express credit card.

**ANSWER:** Admitted.

19. As a result of those transactions, $560,000 was deposited in Wintergreen's PayPal account.

**ANSWER:** Admitted.

20. Wintergreen withdrew all $560,000 from its PayPal account between June 21, 2007, and June 27, 2007, with most of the withdrawals occurring in $100,000 increments on June 27.

**ANSWER:** The Defendants admit that, around June 21, 2007, through June 27, 2007, MDS withdrew $560,000 from MDS's account with PayPal but deny the remaining allegations contained in paragraph 20 of the Complaint.

21. Wintergreen failed to timely deliver to TigerDirect the merchandise TigerDirect had ordered.

**ANSWER:** Denied.

22. In August 2007, TigerDirect cancelled its order and charged back its credit card payments.

**ANSWER:** The Defendants admit that, in August 2007, TigerDirect cancelled an order with MDS but lack knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 22 of the Complaint.

23. The chargeback of those credit card payments caused a $560,000 debit to Wintergreen's PayPal account.

**ANSWER:** The Defendants admit that, in August 2007, MDS's account with PayPal was debited in the amount of $560,000 but lack knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 23 of the Complaint.

24. Because Wintergreen had already withdrawn the money it received in the transactions from its PayPal account, PayPal was forced to pay the $560,000 chargeback.

**ANSWER:** The Defendants admit that, before August 2007, MDS had withdraw certain funds from MDS's account with PayPal but lack knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 24 of the Complaint.

25. Wintergreen has not paid the balance owed despite demands from PayPal.

**ANSWER:** Denied.

### COUNT I: BREACH OF CONTRACT (WINTERGREEN)

26. PayPal incorporates paragraphs 1-25 of this Complaint as though fully set forth here.

**ANSWER:** In response to paragraph 26 of the Complaint, the Defendants restate and reincorporate their responses to paragraph 1 through and including paragraph 25 of the Complaint.

27. Now and at the time Wintergreen accepted $560,000 of credit card transactions from TigerDirect, the User Agreement for PayPal Services obligates customers who receive payments through their PayPal accounts to reimburse PayPal for any payments that are reversed, charged back, or otherwise invalidated.

**ANSWER:** The Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 27 of the Complaint.

28. Section 2.b of the User Agreement's Payments (Sending, Receiving, and Withdrawals) Policy provides as follows:

> When you receive a payment through the Service, unless you follow the steps necessary to qualify for our Seller Protection Policy, you are not protected against a subsequent reversal of the transaction. In the event that the sender's transaction is reversed for any reason and you do not qualify for the Seller Protection Policy for that transaction, you will owe PayPal for the amount of the reversed transaction plus any fees imposed on PayPal as a result of the reversal. Examples of such a reversal include, but are not limited to, a credit card reversal by the sender of the payment, and a reversal of the transaction because the sender of the payment was using a stolen credit card or unauthorized bank account. PayPal will seek to recover the funds from you by debiting your PayPal balance and, if there are not sufficient funds in your PayPal balance, PayPal reserves the right to collect your debt to PayPal by any other legal means.

(Ex. 1 at 64-65.)

    **ANSWER:** In response to paragraph 28 of the Complaint, the Defendants note that the terms of the documents speak for themselves and, as a result, denies the allegations to the extent such allegations deviate from the language of the document, and lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 28 of the Complaint.

29. Wintergreen does not qualify for the Seller Protection Policy described in the User Agreement.

    **ANSWER:** The Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 29 of the Complaint.

30. PayPal has fully performed its obligations under the User Agreement, but Wintergreen has failed to pay the amount now owed under the terms of the User Agreement, despite demands that it pay that amount.

    **ANSWER:** The Defendants admit that PayPal has demanded payment of certain funds from MDS and that MDS has failed to pay all of such funds but lack knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 30 of the Complaint.

## COUNT II: CRIMINAL MISCHIEF (WINTERGREEN AND LEVY)

31. PayPal incorporates paragraphs 1-30 of this Complaint as though fully set forth here.

**ANSWER:** In response to paragraph 31 of the Complaint, the Defendants restate and reincorporate their responses to paragraph 1 through and including paragraph 30 of the Complaint.

32. Levy structured Wintergreen's transaction with TigerDirect as a series of $10,000 purchases to avoid the limits PayPal placed on his account concerning the receipt of credit card funds.

**ANSWER:** The Defendants deny that Levy personally used any account with PayPal under Levy's name, that Levy personally structure the transactions or that the structure of the transaction was to avoid any special limitation placed upon MDS's account with PayPal and lack knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 32 of the Complaint.

33. By accepting credit card transactions for $10,000, Levy misrepresented to PayPal the nature of his agreement with TigerDirect.

**ANSWER:** The Defendants deny that Levy personally made any representations to PayPal, that Levy personally made or had any agreement with TigerDirect, that MDS made any misrepresentation to PayPal concerning the nature of any of MDS's transactions and also deny the remaining allegations contained in paragraph 33 of the Complaint.

34. PayPal permitted Wintergreen to execute those $10,000 transactions using his PayPal account because the individual transactions complied with the limits on Wintergreen's account.

**ANSWER:** The Defendants admit that PayPal permitted MDS to conduct the transactions and lack knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 34 of the Complaint.

35. Despite knowing that Wintergreen did not have sufficient inventory, and could not acquire sufficient inventory, to fill TigerDirect's order, Levy immediately arranged for Wintergreen to withdraw from its PayPal account all money it received from TigerDirect.

**ANSWER:** The Defendants deny that Levy personally made any arrangements regarding MDS's account with PayPal, that MDS lacked or could not acquired sufficient inventory to fill TigerDirect's order placed with MDS, that MDS withdrew funds from PayPal on terms other than MDS's standard business terms and conditions or on terms and conditions different from previous transactions between PayPal and MDS, and also deny the remaining allegations contained in paragraph 35 of the Complaint.

36. Levy continued to represent to TigerDirect and PayPal that Wintergreen could fill TigerDirect's orders even after TigerDirect cancelled those orders.

**ANSWER:** The Defendants deny that Levy personally made any representations to PayPal and also deny the remaining allegations contained in paragraph 36 of the Complaint.

37. By intentionally deceiving TigerDirect and PayPal, Wintergreen and Levy have caused PayPal to suffer a pecuniary loss of at least $560,000 by deception, in violation of Indiana Code section 35-43-1-2(a)(2).

**ANSWER:** The Defendants deny that Levy personally dealt with PayPal in any capacity other than as an officer and representative of MDS, that either Levy or MDS violated IND. CODE §35-43-1-2(a)(2), that MDS in any way deceived PayPal, that MDS's actions caused PayPal to suffer damages of at least $560,000 and also deny the remaining allegations contained in paragraph 37 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a cause of action against either of the Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. At all times referenced during the Complaint, John Levy acted within his capacity as an officer and representative of MDS. The name on the account with PayPal, which is the subject of the Complaint, was "Market Development Specialists, Inc. d/b/a Wintergreen." At all times, PayPal knew PayPal was dealing solely and exclusively with MDS.

## THIRD AFFIRMATIVE DEFENSE

3. PayPal's Complaint fails to state a claim against Levy upon which relief may be granted. PayPal dealt exclusively with defendant MDS, delivered services solely to defendant MDS, send solely to MDS invoices for the cost of such services delivered to MDS, all of which is reflected on PayPal's invoices and other related documents. Levy personally did not receive any services or invoices from PayPal and has no corresponding liability to PayPal.

## FOURTH AFFIRMATIVE DEFENSE

4. PayPal should be estopped from asserting as part of its Complaint any claims against Levy. PayPal knew and admits that (i) all of PayPal's services were directed to MDS, (ii) all of PayPal's invoices were directed to MDS, (iii) MDS used all of the services provided by PayPal, and (iv) MDS alone was responsible to payment of such services and invoices to PayPal. Nevertheless, PayPal never objected to the structure of the proposed transaction, never advised Levy of any claims PayPal purported possessed with respect to the invoices, and never asserted any improprieties with respect to the services or the invoices, MDS's use of the services or MDS's proposals to pay PayPal's invoices.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's own actions or inactions proximately caused any damages which plaintiff allegedly has incurred in connection with those transactions referenced in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff failed to take reasonable actions to mitigate plaintiff's damages.

## SEVENTH AFFIRMATIVE DEFENSE

7. At all times referenced during the Complaint, PayPal was fully aware of the complete terms and conditions of the transactions which serve as the subject of PayPal's Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

8. PayPal's claims are barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

9. PayPal's claims are barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

10. PayPal's claims are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The Defendants reserve the right to add additional affirmative defenses as discovery progresses.

Respectfully submitted,

/s/ Mark J. Adey
Mark J. Adey (14175-46)
BARNES & THORNBURG LLP
600 1st Source Bank Center
100 North Michigan
South Bend, IN 46601
Telephone: (574) 233-1171
Facsimile: (574) 237-1125
Email: *mark.adey@btlaw.com*

*Attorney for Defendants*
*Market Development Specialists, Inc. d/b/a*
*Wintergreen Systems and John Levy*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of a true and accurate copy of the foregoing *Defendants' Answer to Complaint* was served upon the following counsel of record electronically or by depositing the same in the United States Mail, postage prepaid, this 29th day of July, 2008:

James Dimos
James M. Matthews
Darren A. Craig
LOCKE REYNOLDS LLP
201 North Illinois Street, Suite 1000
P.O. Box 444961
Indianapolis, Indiana 46244-0961

/s/ Mark J. Adey

SBDS02 MJA 377460v1