IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAYPAL, INC., | ) Cause No. 3:08-cv-268 |
|         Plaintiff, | ) |
| v. | ) |
| MARKET DEVELOPMENT SPECIALISTS, INC. D/B/A WINTERGREEN SYSTEMS and JOHN LEVY, | ) |
|         Defendants. | ) |

### REPORT OF PARTIES' PLANNING MEETING

1. In accordance with Fed. R. Civ. P. 26(f), a meeting was held on September 15, 2008, by telephone, and was attended by:

    Darren A. Craig, of Locke Reynolds LLP, for Plaintiff

    Mark J. Adey, of Barnes & Thornburg LLP, for Defendants

2. Pre-Discovery Disclosures. The parties will exchange by October 30, 2008, the information required by Fed. R. Civ. P. 26(a)(1).

3. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

    (a) Discovery will be needed on the following subjects:

        (i) Plaintiff's allegations that Defendant Market Development Specialists, Inc. breached the terms of its User Agreement with PayPal by failing to reimburse PayPal for the charges incurred as a result of the chargebacks described in the Complaint;

        (ii) Plaintiff's allegations that Defendants caused Plaintiff to suffer a pecuniary loss through their deceptive structuring of and representations concerning the transactions described in the Complaint;

(iii) The denials and defenses asserted by Defendants to Plaintiff's allegations; and

(iv) The nature, extent, and amount of Plaintiff's damages.

(b) Disclosure or discovery of electronically stored information should be handled as follows:

(i) The parties will conduct, for the materials that are within the parties' custody and control, searches of the e-mail databases, computers, archives and/or back up tapes, and network/shared files of the individuals identified by such party in its Initial Disclosures or named in discovery requests.

(ii) A party may request that the opposing party conduct searches of additional individuals and/or conduct searches using a list of search terms (not unreasonably long) provided by the requesting party. The opposing party may object to the request, and the parties will meet and confer to attempt to resolve the request.

(iii) The producing party may search for and preliminarily withhold as presumptively privileged any attorney-client or work-product related communication. The producing party shall provide a privilege log indicating the communication withheld.

(iv) The parties will produce all responsive, non-privileged documents either in paper format or as .TIFF images in a Summation load file, unless a party requests certain documents in their native format. The producing party may object to the request, and the parties will meet and confer to attempt to resolve the request.

(c) The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

(i) A party may, at any time, request (in writing and in detail) the return of inadvertently produced documents/information that are protected as privileged and/or work-product.

(ii) The other party must return all copies of such documents/information within five (5) business days of receipt of such notice.

(iii) The return of any item to the producing party shall not preclude the returning party from moving the Court for a ruling that the immunity has been waived or that the document/information was never privileged or work-product.

(d) The last date for the completion of all discovery is June 1, 2009.

(e) Maximum of twenty-five (25) interrogatories by each party to any other party.

(f) Maximum of thirty (30) requests for admission by each party to any other party.

(g) Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendants.

(h) Each deposition limited to maximum of seven (7) hours unless extended by agreement of parties.

(i) The filing of reports from retained experts under Rule 26(a)(2) due:

from Plaintiff by April 1, 2009;

from Defendant by May 1, 2009.

(j) Any evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated testimony, shall be filed within thirty (30) days of the filing of that expert's report. Counsel stipulate that a failure to file such objections is waiver of any objection to opinion testimony outlined in the statement filed by the witness's proponent.

(k) Supplementations under Rule 26(e) due as the information becomes available.

4. Other Items.

(a) The last date for the Plaintiff to seek leave of court to join additional parties and to amend the pleadings is November 14, 2008

(b) The last date for the Defendants to seek leave of court to join additional parties and to amend the pleadings is December 15, 2008.

(c) The last date for the filing of all potentially dispositive motions is June 15, 2009. The parties anticipate that Plaintiff will file a motion for partial summary judgment concerning the breach of contract claim at an earlier date.

(d) The timing of filing pretrial disclosures under Fed. R. Civ. P. 26 (a)(3) shall be governed by separate order.

(e) The parties have agreed upon a process to select a mediator and will be exchanging names of proposed mediators.

(f) Thirty (30) days before the final pretrial conference counsel will provide a written status report to the ADR administrator regarding the status of mediation.

(g) The case should be ready for jury trial by October 5, 2009 and at this time is expected to take approximately three (3) days.

(h) Counsel are aware that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. Counsel know that this includes an evidence presentation system, which consists of a document camera, digital projector, and screen. Counsel know the projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. Counsel acknowledge they can contact one of the Court's courtroom deputy clerks for information or training.

Date: September 15, 2008

| Counsel for Plaintiff: | Counsel for Defendants: |
|---|---|
| s/Darren A. Craig | s/Mark J. Adey |
| Darren A. Craig, #25534-49 | Mark J. Adey, #14175-46 |
| James Dimos, #11178-49 | BARNES & THORNBURG LLP |
| James M. Matthews, #10450-49 | 600 1st Source Bank Center |
| LOCKE REYNOLDS LLP | 100 North Michigan |
| 201 North Illinois Street, Suite 1000 | South Bend, IN 46601 |
| P.O. Box 44961 | 574-233-1171 |
| Indianapolis, IN 46244-0961 | Fax: 574-237-1125 |
| 317-237-3800 | mark.adey@btlaw.com |
| Fax: 317-237-3900 | |
| jdimos@locke.com | |
| jmatthews@locke.com | |
| dcraig@locke.com | |

902894_1