IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PAYPAL, INC., | ) | Cause No. 3:08-cv-268 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARKET DEVELOPMENT | ) | |
| SPECIALISTS, INC. D/B/A | ) | |
| WINTERGREEN SYSTEMS and | ) | |
| JOHN LEVY, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF PAYPAL, INC.'S BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

### I.   INTRODUCTION

This is a simple breach of contract case, where the undisputed facts show that Defendant Market Development Specialists, Inc. d/b/a Wintergreen Systems ("Wintergreen") owes Plaintiff PayPal, Inc. ("PayPal") over half a million dollars. Wintergreen agreed to the terms of PayPal's User Agreement so that Wintergreen could receive payments from its customers through PayPal. Between June 21, 2007, and June 27, 2007, Wintergreen accepted fifty-nine payments of $10,000 each from a customer, TigerDirect, Inc. ("TigerDirect"). TigerDirect charged those payments on a single corporate American Express card, and $590,000 was deposited in Wintergreen's PayPal account.

In August 2007, when Wintergreen still had not delivered the merchandise and had evasively responded to TigerDirect's inquiries regarding the order's status, TigerDirect cancelled a large portion of its order and charged back its American Express card for that portion. There were fifty-six chargebacks which created a $560,000 debit to Wintergreen's PayPal account and, because Wintergreen had already withdrawn the funds from the account, PayPal was forced to

pay the $560,000 to American Express. Despite the User Agreement's clear language, and repeated demands from PayPal, Wintergreen still owes PayPal $509,524.78 of that $560,000.

PayPal has sued Wintergreen for breach of contract, and Wintergreen and John Levy for criminal mischief. PayPal now seeks summary judgment on its breach of contract claim because, as demonstrated below, the undisputed facts show that Wintergreen owes PayPal $509,524.78 under the User Agreement.

## II. STATEMENT OF MATERIAL FACTS

1. PayPal provides online payment solutions that allow its customers to send or receive payments securely through PayPal's website. (Affidavit of Siddharth Pershad ("Pershad Aff."), ¶ 4.)

2. For example, a merchant can use PayPal to receive payments from customers; the customer can charge the purchase on a credit card, and the amount is immediately deposited into the merchant's PayPal account. (*Id.*, ¶ 6.)

3. PayPal, rather than the individual merchant, then collects from the credit card company. (*Id.*)

4. PayPal offers three types of accounts for its customers—Personal, Premier, and Business. (*Id.*, ¶ 7.)

5. A Business Account permits customers to make secure online payments and money transfers, and allows customers to accept credit card, debit card, and bank payments from multiple customers. (*Id.*)

6. In order to use PayPal's services, PayPal customers must register certain information at www.paypal.com and agree to abide by the PayPal User Agreement, which is posted on PayPal's website. (*Id.*, ¶ 5.)

7.  PayPal periodically updates its User Agreement, and the updated User Agreement becomes effective at the time it is posted on the website. (*Id.*)

8.  In the event PayPal makes a substantial change to the User Agreement, it provides its customers with 30 days' prior notice of the change by posting a notice on the "Policy Updates" page of its website. (*Id.*)

9.  Wintergreen sells computers, computer components, and peripherals. (Defendants' Answer to Complaint ("Answer"), ¶¶ 2, 14.)

10. It established a Business Account with PayPal in 2001 and agreed to the terms of the PayPal User Agreement. (Pershad Aff., ¶ 8.)

11. Between June 21, 2007, and June 27, 2007, Wintergreen accepted fifty-nine payments from TigerDirect, Inc. ("TigerDirect") in connection with TigerDirect's purchase of merchandise from Wintergreen. (*Id.*, ¶ 10.)

12. Each of the fifty-nine payments was for $10,000,[1] and TigerDirect charged the payments on a single corporate American Express credit card. (*Id.*, ¶¶ 10, 13.)

13. As a result of those transactions, $590,000 was deposited in Wintergreen's PayPal account. (*Id.*, ¶ 11.)

14. Between June 21, 2007, and June 27, 2007, Wintergreen withdrew $578,872.30 from its PayPal account—with most of the withdrawals occurring in $100,000 increments on June 27. (*Id.*, ¶ 12.)

---

1. Wintergreen had a limit of $10,000 on the amount of money it could accept in its PayPal account in a single transaction, which explains why TigerDirect broke the total $590,000 payment into fifty-nine $10,000 transactions. While Wintergreen denies knowing that its PayPal account had such a limit, the issue of whether the limit existed and why there were fifty-nine different transactions is not relevant to PayPal's breach of contract claim but rather only to its criminal mischief claim against Wintergreen and John Levy, which is not the subject of this Motion for Partial Summary Judgment.

15. In August 2007, with Wintergreen having failed to timely deliver its complete order, TigerDirect charged back fifty-six of the original fifty-nine credit card payments. (*Id.*, ¶ 13.)

16. The chargebacks caused a $560,000 debit to Wintergreen's PayPal account and, because Wintergreen had already withdrawn the funds, PayPal was forced to pay the $560,000 in chargebacks to American Express. (*Id.*, ¶¶ 13, 14.)

17. The User Agreement obligates customers who receive payments through their PayPal accounts to reimburse PayPal for any payments that are reversed, charged back, or otherwise invalidated. (Complaint For Breach of Contract ("Complaint"), Exhibit 1 at 64–65.)

18. Section 2.b of the User Agreement's Payments (Sending, Receiving, and Withdrawals) policy states:

> When you receive a payment through the Service, unless you follow the steps necessary to qualify for our Seller Protection Policy, you are not protected against a subsequent reversal of the transaction. In the event that the sender's transaction is reversed for any reason and you do not qualify for the Seller Protection Policy for that transaction, you will owe PayPal for the amount of the reversed transaction plus any fees imposed on PayPal as a result of the reversal. Examples of such a reversal include, but are not limited to, a credit card reversal by the sender of the payment, and a reversal of the transaction because the sender of the payment was using a stolen credit card or unauthorized bank account. PayPal will seek to recover the funds from you by debiting your PayPal balance and, if there are not sufficient funds in your PayPal balance, PayPal reserves the right to collect your debt to PayPal by any other legal means.

(*Id.*)

19. The User Agreement requires that, among other things, a seller has "accepted a single payment from one PayPal account for the purchase" in order for the Seller Protection Policy to apply. (*Id.*, Exhibit 1 at 87.)

20. Accordingly, the Policy did not protect TigerDirect's fifty-six separate payments.[2] (*Id.*) Wintergreen has only paid $50,475.22 of the $560,000 it owes to PayPal under the User Agreement, despite repeated demands to do so. (Pershad Aff., ¶ 15.)

21. Accordingly, Wintergreen's PayPal account currently has a negative balance from the TigerDirect chargebacks of $509,524.78.

### III. ARGUMENT

#### A. Standard For Summary Judgment

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Matsushito Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *AM Gen. Corp. v. Daimler Chrysler Corp.*, 246 F. Supp.2d 1030, 1032 (N.D. Ind. 2003). After a party makes a properly supported motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavit or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). No genuine issue of fact exists "when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the non-moving party." *AM Gen. Corp.*, 246 F. Supp.2d at 1032; *accord Ritchie v. Glidden Co.*, 242 F.3d 713, 720 (7th Cir. 2001).

---

2. In any event, the Seller Protection Policy only "covers up to $5000 USD per year of reversals"—far less than the more than half a million dollars at issue here. (*Id.*, Exhibit 1 at 87.)

5

### B. PayPal Is Entitled To Judgment As A Matter of Law On Its Breach of Contract Claim.

The User Agreement provides that it is "governed by and interpreted under the laws of the state of California, U.S. as such laws are applied to agreements entered into and to be performed entirely within California by California residents." (Complaint, Exhibit 1 at 12–13.) California law is clear that where one party has satisfied its obligations under a contract and the other has not, the non-complying party is liable for breach of contract. *E.g., Careau & Co. v. Security Pacific Bus. Credit, Inc.*, 272 Cal. Rptr. 387, 395 (Cal. Ct. App. 1990) (under California law, a breach of contract claim succeeds where plaintiff can show the following elements: "(1) the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) the resulting damages to plaintiff"); *see also Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 11 Cal. Rptr.3d 412, 424 n.6 (Cal. Ct. App. 2004).

Here, it is undisputed that: (1) the parties entered into a valid contract (the User Agreement); (2) PayPal performed its obligations under the User Agreement by providing Wintergreen with the ability to accept online payments for its merchandise; (3) Wintergreen has not paid PayPal $509,524.78 of the $560,000 it owes for the TigerDirect chargebacks, as the User Agreement explicitly requires; and (4) PayPal has been damaged by having to pay $509,524.78 in chargebacks. Indeed, Wintergreen admits in its Answer that it has "failed to pay all of such funds" that PayPal has demanded. (Answer ¶ 30.) And Wintergreen does not contend that it was somehow exempt from its obligations to reimburse PayPal under the User Agreement—nor can it make such a contention.

The undisputed facts show that Wintergreen withdrew the $560,000 from its PayPal account, TigerDirect cancelled a large portion of the order and charged back its credit card for $560,000, there was no money in Wintergreen's PayPal account to put toward the chargebacks,

PayPal paid the full $560,000 in chargebacks, Wintergreen is responsible for paying the chargebacks under the User Agreement, and Wintergreen has not paid $509,524.78 of the $560,000 amount. This is a simple breach of contract case, and PayPal is entitled to judgment as a matter of law.

## IV. CONCLUSION

Wintergreen has failed to satisfy its obligations under the User Agreement by not reimbursing PayPal for $509,524.78 of the $560,000 in chargebacks. Accordingly, PayPal respectfully requests that this Court enter summary judgment in favor of Plaintiff PayPal, Inc. for $509,524.78, together with interest and costs of this action.

LOCKE REYNOLDS LLP

By: s/Darren A. Craig
    Darren A. Craig, #25534-49
    James Dimos, #11178-49
    James M. Matthews, #10450-49
    Attorneys for Plaintiff PAYPAL, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Mark J. Adey  mark.adey@btlaw.com
BARNES & THORNBURG LLP
600 1st Source Bank Center
100 North Michigan
South Bend, IN  46601

                                                          s/Darren A. Craig
                                                          Darren A. Craig

LOCKE REYNOLDS LLP
201 North Illinois Street, Suite 1000
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
jdimos@locke.com
dcraig@locke.com
jmatthews@locke.com

811624_1